## Case No. 17,871.

### WING et al. v. WARREN.

[5 Fish. Pat. Cas. 548; [1] 2 O. G. 342.]

Circuit Court, D. Massachusetts. June, 1872.

ASSIGNMENT OF PATENT—SURRENDER AND REISSUE.

Where a patentee had sold all his right, title, and interest in his patent, except as to a single

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

town, and subsequently, at the request of the assignees, had applied for and obtained a reissue of the patent in his own name, which reissued patent he had assigned as before, *held*, that the surrender of the original patent at the request of the true owners was valid; and that, if the reissue to the patentee was a clerical error, he had corrected it by the subsequent assignment.

Demurrer to bill in equity [brought by Simon Wing, Marcus Ormsbee, and A. S. Southworth, against W. S. Warren]. Suit brought upon letters patent for an "improvement in plate-holders for cameras," granted A. S. Southworth in 1855.

The bill alleged the issue of the patent to Southworth, and his subsequent assignment of all his right, title, and interest in it, except the right to make, use, and sell the thing patented in Salem, Massachusetts; that Southworth afterward, at the request of the assignees, surrendered the patent, and the commissioner of patents, at the request of all the parties, reissued it to Southworth, who assigned the reissued patent as before; that, on its expiration, in 1869, it was renewed for seven years to Southworth, and that it was then vested in the complainants.

The defendant demurred to the bill on the following grounds: (1) By the assignment of the original patent, Southworth's whole interest passed, and all that was left him was a license for Salem. Potter v. Holland [Case No. 11,329]; Smith v. Mercer [Id. 13,078]. (2) Therefore, Southworth could not surrender the patent, and his act assuming to do this was void. The bill says that this was done by request of the assignees, but there is no pretense that this was in writing, as in Dental Vulcanite Co. v. Wetherbee [Id. 3,-810]. (3) Even if the surrender was good, the reissue was void, because not made to the true owners. In the case of the Cummings patent, involved in the above-named suit, a similar mistake was made, but it was immediately corrected in the office as a clerical error, and this was held to cure the difficulty.

W. W. Swan, for complainants.

J. E. Maynadier, for defendant.

CLIFFORD, Circuit Justice. If we grant (which we are not at present prepared to do) that all.title had gone out of the patentee by his assignment to Wing and Ormsbee, yet his surrender at the request of the true owners would be valid; and, if the reissue to him was a clerical error, he corrected it at once by an assignment. We are both of opinion that an infringer can not take advantage of such a mistake, if there was one, after it had been corrected either by the office or the parties. Demurrer overruled.